IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| David Meyers, | ) | Case No 5:23-cv-00115-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joshua Sigmon, FNU Moss, FNU Davis, | ) | |
| FNU Yow, FNU Young, FNU Honeycutt, | ) | |
| Charlotte Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's affidavit seeking to proceed in forma pauperis. ECF No. 2. In accordance with 28 U.S.C. § 636(b) and by Order of the Honorable Martin Reidinger, United States Chief District Judge for the Western District of North Carolina, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 5, 2023, the Magistrate Judge issued a Report recommending that the affidavit seeking leave to proceed in forma pauperis be denied. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.[1]

---

[1] In his objections, Plaintiff moves for an "enlargement of time for the Honorable Court to receive these objections." ECF No. 7 at 3. The Court finds that the objections were timely filed and, therefore, the motion for extension of time is moot.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. As explained in more detail by the Magistrate Judge, Plaintiff is an incarcerated person proceeding pro se and has previously filed more than three civil actions that qualify as strikes under the Prison Litigation Reform Act ("PLRA"). He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). The Magistrate Judge determined that Plaintiff's allegations of imminent harm were delusional and frivolous.

2

Case 5:23-cv-00115-DCC-KFM    Document 8    Filed 12/05/23    Page 2 of 3

In his objections, Plaintiff reasserts that he is in imminent danger and alleges that Judge McDonald has been appointed to his case to racially profile him and that there is a national conspiracy to kill him. ECF No. 8. He contends that there is a conspiracy, which includes various federal judges, to prevent him from testifying. Upon de novo review of the record and the applicable law, the Court agrees with the Magistrate Judge that these allegations fail to plausibly allege that he is in imminent danger as required by the PLRA. *See, e.g., Meyers v. Honeycutt, et al.*, C/A No. 5:23-cv-00108-GCM, 2023 WL 5254722, at *3 (W.D.N.C. Aug. 14, 2023).

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Plaintiff's affidavit to proceed in forma pauperis [2] is **DENIED**. Plaintiff is directed to pay the full filing fee $402 within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 5, 2023
Spartanburg, South Carolina